UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN C. NELSON,

                             Plaintiff,

                                                              DECISION AND ORDER

                                                              07-CV-6064L

                    v.

CORRECTIONS OFFICER J. PILLEY,
 et al.,

                             Defendants.
_____

## **INTRODUCTION**

Plaintiff Jonathan Nelson ("Nelson") brings this action against Corrections Officer J. Pilley ("Pilley") and several other unidentified corrections officers, referred to in the complaint as "John Doe" (collectively "defendants"). Nelson alleges that while he was an inmate in the New York State Department of Corrections, the defendants subjected him to excessive force, in violation of his Eighth Amendment rights and 42 U.S.C. §1983.

On August 5, 2006, while incarcerated at Attica Correctional Facility, Nelson was involved in an altercation with two other inmates in the prison yard. Nelson alleges that the defendants each observed and/or participated in breaking up the fight, and that three of them thereafter escorted

Nelson into the prison. Nelson alleges that as the officers were escorting him through a corridor, they threw him face-first against a wall, knocked him down, and kicked and punched him, causing a number of physical injuries.

The defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss Nelson's complaint, inter alia, on the grounds that Nelson has failed to exhaust his administrative remedies. (Dkt. #36). For the reasons set forth below, the defendants' motion is granted, and the complaint is dismissed.

**DISCUSSION**

I.  **Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In order to defeat a summary judgment motion properly supported by evidence in admissible form, the non-movant must offer comparable materials demonstrating the existence of a genuine

issue of material fact. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990), and cannot rest solely on the allegations in his or her pleadings, or purely conclusory statements. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

## II.     Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prior to commencing litigation, a prisoner must exhaust all available administrative remedies. 42 U.S.C. §1997e(a). The PLRA's exhaustion requirement pertains to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Presslar v. Tan*, 2003 U.S. Dist. LEXIS 2688 at *8 (W.D.N.Y. 2003).

The administrative remedies applicable to inmates initially require the submission of a grievance within five days of the relevant occurrence, to an Inmate Grievance Coordinator ("IGC"). The inmate may appeal the IGC's determination to the facility superintendent, and then appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *See* 7 NYCRR §701.1, §701.5. All levels of the grievance procedure must be exhausted before an inmate may commence litigation in federal court. *See Porter*, 534 U.S. 516 at 524; *Boomer v. DePerio*, 405 F. Supp. 2d 259, 262 (W.D.N.Y. 2005); *Colon v. Harvey*, 344 F. Supp. 2d 896, 897 (W.D.N.Y. 2004).

It is undisputed that the day after the August 5, 2006, incident, Nelson wrote a letter to the facility superintendent describing the events, and that on August 7, 2006, Nelson filed a grievance,

which was thereafter denied. Although Nelson now claims that he timely appealed the denial of the grievance, there is no evidence that it was ever appealed to the superintendent. Indeed, the only evidence in admissible form which Nelson offers relating to his alleged appeal is his August 6, 2006 letter to the superintendent (which actually preceded the filing of his grievance), his testimony that a later attempt to appeal directly to CORC was denied as improper and/or untimely, and testimony concerning the appeal of a separate grievance seeking dental treatment. (Dkt. #40, Exh. A at 81-82, 123-124). In response to Nelson's unsupported claim of exhaustion, defendants offer an affidavit from Chris Lindquist, Assistant Director of the Inmate Grievance Program of the Department of Correctional Services, which conclusively testifies that despite a search of records for the relevant time period and CORC's policy of maintaining such records, the CORC has no record of any appeal of plaintiff's grievance concerning the August 5, 2006 incident. (Dkt. #39). Because Nelson has failed to offer any evidence upon which a reasonable jury could conclude that he appealed the denial of his grievance to the superintendent, his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, I find that there are no material issues of fact, and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment dismissing the complaint (Dkt. #36) is granted, and the complaint is dismissed in its entirety, with

prejudice. Plaintiff's motions to stay disposition of the instant motion, amend the complaint, and for expedited disposition (Dkt. #45, Dkt. #48, Dkt. #49) are denied as moot.[1]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 31, 2009.

---

[1] It is well-settled that while leave to amend a complaint is to be freely given under ordinary circumstances, leave is appropriately denied where such amendment would be futile. *See* Fed. R. Civ. Proc. 15(a); *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006). Plaintiff's proposed amended complaint contains no new factual allegations – indeed, it makes no factual allegations whatsoever – concerning plaintiff's exhaustion of administrative remedies. Accordingly, amendment would not save the instant action from dismissal, and plaintiff's motion to amend the complaint must be denied.